UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD PRYOR,                              :
                                           :
              Petitioner,                  :
                                           :
                                           :
      v.                                   :   Civil Action No. 05-2229
                                           :
                                           :   (Judge James Robertson)
U.S. PAROLE COMMISSION, et al.,            :
                                           :
              Respondents.                 :
                                           :
_____      :

MOTION TO RECONSIDER AND RE-CALL COURT'S MANDATE,
PURSUANT TO THE CIVIL RULE NO. 60 (B).

        This matter return upon this Honorable Court reconsider

its denied Court Order filed November 9th, 2005 and re-call

its Court's Mandate, as justice require. because the above

petitioner has been deny access to a Federal Forum, in vio-

lation of his First Amendment Rights.

        The presiding judge had clearly committed an abusive

error, by failure to address the petitioner's outstanding

claims on the merits, which would had substantiated a vacate

on the petitioner's parole release condition or alternatively

Writ of Mandamus filed against the U.S. Marshal Office, com-

pelling them not to "Honor" the U.S. Parole Commission filed

present or future parole detainers.  Moreover, the petitioner

had raised a "SEPARATION OF POWER" claim and a threat to his

Liberty Interest claim before this Court, which was govern by

Title 28 U.S.C. § 2241(c) and 28 U.S.C. § 2243.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
RECEIVED
NOV 29 2005

(1).    The petitioner contends that the U.S. Parole
Commission "LACKS SUBJECT MATTER JURISDICTION OVER THE
SECOND PORTION OF HIS ORIGINAL SENTENCE, BECAUSE THE U.S.
PAROLE COMMISSION HAS IMPERSONATED HIMSELF AS BEING AN
ARTICLE III JUDGE," in which to exercise judicial function
over D.C. Code Offenders, in violation of the Separation of
Power. See U.S. v. Johnson, 48 F. 3d. 806, 808-09 (4th Cir.
1995);  see also Mistretta v. U.S., 488 U.S. 361 (1989).
U.S. v. Estrada, 680 F. Supp. 1312, 1338 (1988).

(2).    In the year of 1992, the Supreme Court Justice
Judges had legally declared that the U.S. Parole Commission
was "ABOLISHED" in the case above named Mistretta v. U.S.,
and a Federal Judge in the above case cite U.S. v. Estrada,
680 F. Supp. at 1338, in quotation states (accordingly, be-
cause offenders will no longer be paroled after serving only
a portion of the sentence imposed, the Act eliminates the
Parole Commission.  See Comprehesive Crime Control Act of
1984.  Public Law No. 98-473, Title § 235, 98 Stat. 2031-
2024).

(3).    On the contrary, Congress-Woman Eleanor Holmes-
Norton had extended  the U.S. Parole Commission's authority
Five (5) years and now more years to do unlawful "HARM" to
all D.C. Code Offenders under parole status, by enacting "BAD
STATUTES" (D.C. Code 24-131, 24-133, 24-406, 28 C.F.R. § 2.20)
which these above statutes conflict with the D.C. Code § 24-104
and the D.C. Code § 11-923 (b), authorizing Superior Court Judges

the power to revoke probation and does not give the U.S. Parole Commission any legal power to detain, re-detain or revoke a parolee revocation sentence at all.

(4).    This Honorable Court is now [s]quarely faced with a conflict of statutory laws, whereas the sole issue raised by the petitioner in this case, is whether Congress have judicial power or legislative power to over-turn the "NINE (9) JUSTICE JUDGES OF THE SUPREME COURT'S PAST PRECEDENT FOR ACTUALLY ABOLISHING THE U.S. PAROLE COMMISSION'S AUTHORITY OVER FEDERAL PAROLEES ????    Furthermore, Federal Courts must investigate an extraordinary claim suchas the above and this court must no longer ignored the substance of Governmental Officials misconduct, which has been exposed herein.  As the Fourth Circuit stated in Russell v. Oliver, 552 F. 2d. 115, 116 (4th Cir. 1997), a liberal construction of a pro se complaint "requires that the judge view all of the allegations not as isolated incidents, but rather as a unit.

(5).    It is beyond question that a federal court may investigate a question as to whether there was fraud in the procurement of a judgment.  Universal Oil Products Co. v. Root Refing Co., 328 U.S. 575.  This is to be done in adVERSARY PROCEEDING as the case before this court.  See U.S. v. Throckmorton, 98 U.S. 61. More directly, the issue is whether our constitutional system of due process tolerates a situation when the key sentencing responsibility is exercise not by a judge, but by the U.S. Parole Commission.

(6).    The petitioner contends that it may be a great

possibility that the U.S. Marshal will execute a future

warrant against him ᵥFoʀ an alleged new 'State Charge' sooner

or later and this Court have jurisdiction to compel  the

U.S. Marshal Services to "SQUASH" a 'frivolous' detainer

filed by the U.S. Parole Commission.  However, a petitioner

need not "first expose himself to actual arrest or prosec-

tion to be entitled to challenge a statute that he claims

deters the exercise of his constitutional rights." Steffel

v. Thompson, 415 U.S. 452, 459, 94 S. Ct. 1209, 1215, 39

L. Ed. 2d 505 (1974).  Threats of criminal prosecution may

provide a basis for adjudiciation.  Id.  A petitioner "should

not be required to await and undergo a criminal prosecution

as the sole means of seeking relief." Doe v. Bolton, 410 U.S.

179, 188, 93 S. Ct. 739, 745, 35 L. Ed. 2d 201 (1973). Indeed,

civil actions for declaratory relief against criminal prosec-

ution have become a common method of challenging the constitu-

tionality of federal statutes.  Moreover, courts have not

hesitated to restrain or enjoin criminal prosecutions where

First Amendment rights are at stake.  PHE, Inc. v. Department

of Justice, 743 F. Supp. 15, 26 (D.D.C. 1990).

(7).    The U.S. Parole Commission's regular duty was only

to file "RECOMMENDATION-REPORTS" to the parolee Sentencing Judge

for action to be taken, but instead, Congress had found away

to had abolished the Criminal Procedure Rule No. 32 (a)(1)

by denying the "MAGISTRATE-JUDGE" to hold revocation process.

(8).    Judge James Robertson should not had been assigned to this case at all, because he have a routine duty to arbitrarily dismissed any Civil Action that appear with Mr. Milton J. Taylor name on it and the D.C. Circuit Judges have to remand the case back to the District Court.  See Taylor v. U.S. Probation Office, 03-CV-2134, D.D.C. and see also, Taylor v. U.S. Probation Office, et al., 03-5370 (D.C. Circuit) decided on June 3rd, 2005.

The above quoted facts now raise a question concerning Judge Robertson impartiality being question in this motion, whether such an outcome---denying Mr. Pryor access to any federal forum to hear his claim---is actually required by Supreme Court precedent or whether the district court can entertain his Writ of Habeas Corpus.  See Bounds v. Smith, 430 U.S. 817, 52 L. Ed. 2d 72.  The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public safety may require it.  See Article I, § 9, Clause 2. See also, Code of Judicial Conduct, Canon Code No.3 (1)

The petitioner respectfully request that this Honorable Court will grant this motion in an expediously manner and a second denial will result to a violation under Title 18 U.S.C. § 1503 ana 242.

(9).   Judge James Robertson was the presiding judge

over Mr. Taylor's Writ of Habeas Corpus also, in which,

that Civil Action was "SUSPENDED" without a Final Judgment

Order ever enter in that Caption Case at all.   See the

Civil Case Number 04-1288 in this Courthouse.   This clear

ignorance and deprivation of Mr. Taylor's Constitutional

Rights constituted a claim of "obstructing the due administrat-

ion of justice.   See U.S. v. North, 910 F. 2d 843 (D.C. Cir.

1990).   Saidi v. Washington Metropolitan Area Transit,   928

F. Supp. 21, 28 (D.D.C. 1996)(citing Street v. Surdyka, 492

F. 2d 368, 371 (4th Cir. 1974).   Section 28 U.S.C. § 2241

further mandates that the court, on  receiving the motion,

"shall cause notice thereof to be served upon the prosecuting

authority, grant a prompt hearing thereon, determine the issues,

and make findings of fact and conclusion of the law.   28 U.S.C.

§ 2243 require a federal (federal) judge to issue a " 3 DAYS

SHOW CAUSE HEARING" Order serve on the District Attorney Office.

(10).   The petitioner's Habeas Corpus ... should not had

been dismissed by the presiding judge in this case, because he

has similar facts in his pleading that involve the same issues

pending for review in the Caption Case cite Taylor v. Eleanor

Holmes-Norton, et al., 05-1634 and Taylor v. U.S. Parole Comm'n,

et al., 05-1887, which both cases are protesting the "PHASE-OUT

and PHASE-IN" of the U.S. Parole Commission's authority, which

was delegated arbitrarily by Congress in bad faith. The named

petitioner does deserve the same opportunity for this Court to

entertain his claims without any "JUDICIAL BIAS AND ESTOPPEL"
played against him by any Federal Court.    Interference with
the    "ORDERLY USE OF COURT-HOUSE FACILITIES" by court officials
does constitute a gross discriminatory injury for a denial of
the "EQUAL PROTECTION OF THE LAW"   and an expectation that A
judge will apply justice to his own case in good faith.   See
Cameron v. Johnson, 20 L. Ed. 2d 182.

(11).    In fact, a probationer offender is entitled to a
"JUDICIAL SHOW CAUSE HEARING" before his Sentencing Judge under
the Criminal Procedure Rule No. 32, as required by the law and
Supervised Release Offenders, as well as Parole Violators has
been "BETRAYED" by the enactment of several statutory provision
of laws, pursuant to the D.C. Code § 24-131 (a), which authorize
the Parole Commission full authority to grant, deny, or revoke
a District of Columbia offender's parole, and to impose or modify
conditions upon an order of parole.   If a parolee allegedly has
violated conditions of his release,   the Parole Commission is
authorized to "[i]ssue a warrant for the apprehension and return
of the offender to custody."   28 C.F.R. § 2.98(a)(2).   It is
authorized to "consider all available and relevant information
concerning the prisoner's conduct while on parole."   28 C.F.R.
§ 2.81(d).   Among the available sanctions for a parolee's criminal
conduct while on parole is his return to custody, which is actual-
ly based on "PREPONDANCE OF EVIDENCE OR A POSITIVE DRUG TEST."
See 28 C.F,R. § 2.20.

(12).    In accordance, with the D.C. Code 24-406, which
strongly gives the U.S. Parole Commission judicial-power to
forfeit "STREET TIME CREDITS" from all selected parole viola-
tors upon being re-arrested and detain within the D.C. Jail.
It is very clear under the Federal Law,  that the forfeiture
of 'Street Time Credits' does violates the "EX POST FACTO
CLAUSE" of the Federal Constitution, when a parolee original
expiration sentence has been extended beyond his/her  mandatory
release date.  The ex post facto clause prohibits  retroactive
application of a law which increase the punishment for a crime
that an individual has already committed.  Collins v. Youngblood,
497 U.S. 37, 42 (1990).  Retroactive changes in laws affecting
the parole of prisoners, in some instances, may violate this
prohibition.  Garner v. Jones, 529 U.S. 244, 250 (2000). The
same principle applies to an administrative regulation promul-
gated pursuant to statutory authority.  The standard is whether
retroactive application of the change in a parole regulation
creates a "significant risk" of prolonging the period of incar-
ceration beyond that required under the earlier rule.  Id. at 251,
255-56.  The Constitution prohibits both Congress and the various
states from enacting ex post facto laws. Id.  at 659 F. 2d 186.
See also, See also, Article I, Section 9, Clause 3.  Furthermore,
Congress had never change 65 Per Cent State Scale Law for the
D.C. Code Offenders, but to the contrary, the Federal 85 Per
Cent Scale Law has been arbitrarily applied to state prisoners,
which now raise a "FEDERAL QUESTION" for review in this case.

offender's maximum sentence, because the "double jeopardy clause prohibit the judge or the United States Parole Commission from imposing a second parole term on a parolee, in which he or her will be compel to be punish twice for the same offense charge. See North Carolina V. Pearce, 23 L. Ed. 2d 656.  For the above stated cause, the forfeiture of "STREET TIME CREDITS" remains to be an unconstitutional provision of law.  See also, U.S. v. Thorne, 153 F. 3d 130 (4th Cir. 1998).  U.S. v. Liddy, 542 F. 2d 76 (D.C. Cir. 1976).

(14).  The Canon Codes of Professional Ethics must be enforce by the courts and must be respected by members of the Bar, if they are to maintain public confidence in the integrity and impartiality of the administration of justice.  In re Meeker, 76 N.M. 354, 414 P. 2d 862, 864 (1996) appeal dismissed, 383 U.S. 499.  Failure to provide a hearing or considered an improper fact in evaluating the merits of the motion.  In re Scott, 709 F. 2d 717, 719 (D.C. Cir. 1988).  See also, Freeman v. Lane, 962 F. 2d 1252 (7th Cir. 1992).  Furthermore, since the petitioner's outstanding claims highly support a "Government's Fraud among the Executive and Legislative Branches, as well as a Misrepresentation of the Law", the petitioner respectfully request that his sentence be vacated and whatever relief this Court deems just.

Dated: Nov 29th ,2005

Respectfully submitted,

Ronald Pryor

RONALD PRYOR
1175 Stevens, Rd. S.E.
Wash., D.C., 20020